UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 12-5082**

-----------------------------------------------------------------------X

JANESE TYSON

          Plaintiffs,

  - against -

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, and JOHN DOES A-F the name "Doe" being
fictitious and intended to represent those police officers involved
in the unlawful search and seizure and false arrest,
false Imprisonment, and excessive force against the plaintiff,

          Defendants.

-----------------------------------------------------------------------X

COMPLAINT

**BLOCK, J.**

JURY TRIAL
DEMANDED

Plaintiff, by her attorneys, **MANGAN GINSBERG LLP,** for his Complaint against the Defendants, allege, at all times material herein, that:

### NATURE OF THE ACTION

1) Janese Tyson, a citizen of New York and these United States, brings this Civil Rights action pursuant to 42 U.S.C. § 1983 against the arresting New York City Police Officers, and their employer, the City of New York for the false arrest and excessive force. The defendant police officers falsely arrested Ms. Tyson falsely after New York City Police officers forcibly entered Ms. Tyson apartment without her consent, without warrant and without probable cause, and without any justification, and arrested her, and removed her to Richmond University Hospital for a psychiatric evaluation. Ms. Tyson was immediately released from the hospital after a valuation, but only after being forcibly grabbed, handcuffed and dragged from her home in her underwear. Ms. Tyson was not charged with any crime, and had not committed any crime.

## **VENUE AND JURISDICTION**

2) This action is brought pursuant to 42 U.S.C. 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution and pursuant to New York State tort law and the New York State Constitution.

3) Jurisdiction is founded on the existence of a Federal question, and a question arising under an Act of Congress, U.S.C., Title 42, Sec. 1983, as hereinafter more fully appears.

4) Venue is properly laid in this District under 28 U.S.C. Section 1391(b), this being the District in which the claim arose.

## **PARTIES**

5) Plaintiff, JANESE TYSON, is an individual resident of the State of New York, County of Richmond, and a citizen of the state and the United States. Ms. Tyson is African American.

6) Defendant CITY OF NEW YORK (hereinafter referred to as City) is, and was at all times material herein, a municipal corporation formed pursuant to the laws of the State of New York and was the employer of the Defendant agents and officers.

7) Defendants "John Does" are, upon information and belief, New York City Police Officers and Detectives at the time of the events described herein and acted in their official capacities and individual capacities.

8) All individual defendants are being sued in their individual capacities.

9) The City of New York (the "City") at all times material herein was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants, detectives, supervisors, agents and/or employees of the New York City Police Department.

## FACTS

10) On July 16, 2011, at 731 Delafield Avenue, Staten Island, NY, 10310, Ms. Tyson was accosted and falsely arrested by New York City police officers.

11) Ms. Tyson was present at her home and she was alone, when defendant police officers forcibly entered her home without consent, without probable cause, without a warrant and without any legal justification. Defendant Police officers forcibly removed Ms. Tyson from her home, against her will, grabbing her by the neck, throwing her on her bed, and handcuffing her, before dragging her outside to waiting police car. Ms. Tyson was placed in an ambulance wearing only her tank top and underwear.

12) Once placed in the ambulance, Ms. Tyson was demeaned by the police officers. She was then taken against her will to Richmond University Hospital in Staten Island for a psychiatric evaluation.

13) Ms. Tyson was brought to Richmond University Hospital's Comprehensive Psychiatric Emergency Program. Ms. Tyson was forced to remain handcuffed there for approximately two hours, prior to being evaluated.

14) Ms. Tyson was calm, cooperative and had a coherent thought process during the psychiatric evaluation. The medical team found that Ms. Tyson was not a danger to herself or others; she was discharged immediately.

15) On July 17, 2011, Ms. Tyson went to Staten Island University Hospital and was diagnosed with contusions to her neck and chest wall, which she had received by the physical assault by police officers on July 16, 2011.

16) Ms. Tyson was not arrested or charged with any crimes.

## AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest Under the 4th and 14th Amendments
of the U.S. Constitution and 42 U.S.C. § 1983)

17) Plaintiff realleges the facts stated in all paragraphs above as if stated fully herein.

18) Ms. Tyson was falsely and unlawfully arrested, imprisoned, detained, searched and deprived of liberty against her will.

19) Defendants violated the protections guaranteed plaintiff as citizens of the United States by arresting, detaining, imprisoning, and kidnapping her without probable cause.

20) Defendants committed these false and unlawful arrests, imprisonments, detentions, searches and deprivations of liberty while knowing that they did not have probable cause, knowing that these acts were unlawful and knowing that these acts were without justification and defendants engaged in these acts to intentionally violate the plaintiff's rights, privileges and immunities secured by the United States Constitution, or engaged in these acts with reckless disregard to the plaintiff's rights, privileges and immunities secured by the United States Constitution.

21) All Defendants acted under color of law.

22) Defendants apprehended the plaintiff based upon racial profiling and/or because of other improper reasons.

23) The City of New York violated protections guaranteed plaintiff as a citizen of the United States by maintaining a policy or practice to deny citizens their constitutional protections without due process and/or on the basis of his race.

24) The City of New York violated protections guaranteed plaintiffs as citizens of the United States by failing to train, failing to supervise, failing to discipline and negligently hiring the police officers who arrested, detained, imprisoned and humiliated plaintiff.

25) All defendants are liable for said damage and injuries pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. § 1983.

## AS AND FOR A SECOND CAUSE OF ACTION

(Use of Excessive Force Under the 4th and 14th Amendments
of the U.S. Constitution and 42 U.S.C. § 1983)

26) Plaintiff realleges the facts stated in all paragraphs above as if stated fully herein.

27) All Defendants used excessive force in detaining each of the plaintiffs, by unnecessarily grabbing, pushing and placing Ms. Tyson into a choke-hold, in violation of the 4th Amendment and the 14th Amendment.

28) Defendants' intent to injure concurred with the use of unlawful violence upon the plaintiff.

29) The intended injuries were to the feelings, minds, emotions and bodies of the plaintiff.

30) All Defendants acted under color of law.

31) The City of New York violated protections guaranteed the plaintiff as a citizen of the United States by maintaining a policy or practice to deny citizens their constitutional protections without due process and/or on the basis of their race.

32) The City of New York violated protections guaranteed plaintiff as a citizen of the United States by failing to train, supervise, and/or discipline and negligently hiring the police officers who conducted these acts of violence, assault, battery and excessive force.

33) All defendants are liable for said damage and injuries pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. § 1983

## AS AND FOR A THIRD CAUSE OF ACTION

(Defendant City of New York's Negligent Hiring,
Supervision, Training and Failure to Discipline)

34) Plaintiff realleges the facts stated in all paragraphs above as if stated fully herein.

35) The City of New York knows of the likelihood that its police officers make false arrests without probable cause, and using excessive force and battery upon persons, knows that its police officer employees have the propensity to falsely charge and maliciously

5

prosecute its citizens, knows that its police officers have the propensity to use excessive force, to use techniques intended to cause extreme emotional harm and distress while in police custody, and to defame its citizens, but has failed to protect citizens from this conduct by negligently hiring, failing to properly screen candidates for employment, failing to train, failing to supervise and failing discipline its police officers.

36) As a result, Plaintiff was falsely arrested, subject to excessive force and battery, and was otherwise injured to her body and her mind.

37) Plaintiff was injured due to the failure of the City of New York, through the NYPD, to properly hire, screen, train, supervise and discipline its officers, including the defendant officers.

38) The City of New York is liable to the plaintiff for his injuries sustained as a result of negligent hiring, screening, training, supervision and disciplining.

## AS AND FOR A FOURTH CAUSE OF ACTION

(The City of New York is liable under *Monell* for Maintaining
Unconstitutional Policies and Practices including, but not limited to
Failing to Adequately Train and Supervise Police Officers.)

39) Plaintiff realleges the facts stated in all paragraphs above as if stated fully herein.

40) The City of New York, through the New York City Police Department, maintains a policy that its police officers should circumvent the privileges and immunities conferred upon its citizens by the United States Constitution, and specifically, the Fourth Amendment, by encouraging police officers to make unlawful arrests without probable cause, and to file and maintain false charges against its citizenry.

41) The City has known of the likelihood that its police officers make arrests based on racial profiling or by other error, has known their propensity towards arresting on baseless charges, but has failed to protect citizens from these unlawful acts by failing to properly and sufficiently train, discipline, supervise and negligently hire its police officers.

42) Not only does the City know of its officers to make these false arrests, and to maintain

false charges, but it encourages its officers to do so as a "cost of doing business" by living in certain areas within New York City. Unfortunately, most of these areas are poor areas, where the citizens do not have mobility or the same availability of choices to live somewhere else.

43) As a result of the City's policy to make discriminatory stops, arrests and to falsely prosecute persons of African American descent, Plaintiff was falsely arrested.

44) The City of New York is liable to the plaintiff for their injuries sustained as a result of negligent hiring, screening, training, supervision and disciplining and the policies of the City of New York.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff demands judgment and pray for the following relief, jointly and severally, against the Defendants:

(a) special and compensatory damages in the amount of four hundred thousand dollars ($400,000) dollars;

(b) punitive damages in the amount of one hundred thousand dollars ($100,000) dollars;

(c) reasonable attorney's fees and the costs of litigation of this action pursuant to 42 U.S.C. § 1988; and

(d) such other and further relief as to this Court seems just and proper.

Dated: New York, New York
October 1, 2012

MANGAN GINSBERG LLP

By: Michael P. Mangan (MM-5773)
Attorneys for Plaintiff Janese Tyson
160 Pearl Street, Suite 610
New York, NY 10005
(212) 248-2171